**Arturo Murillo MENDEZ; Claudia Del Carmen Salazar, Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**Nos. 06–73454, 06–74690.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 21, 2009.

George T. Heridis, Esq., Law Offices of Ashwani K. Bhakhri, a Professional Corporation, Burlingame, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions for review, Arturo Murillo Mendez and his wife Claudia Del Carmen Salazar, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") orders denying their motions to reopen and reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we review de novo constitutional challenges, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We dismiss in part and deny in part the petition in No. 06–73454 and we deny the petition in No. 06–74690.

The BIA did not abuse its discretion concluding that the new evidence regarding petitioners' children's mental conditions and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law."). It follows that the BIA did not violate petitioners' due process by denying their motion to reopen. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000).

The evidence petitioners presented with their motion to reopen regarding their daughter's asthma condition concerned the same basic hardship ground previously considered by the agency. We therefore lack jurisdiction to review this aspect of the denial of the motion to reopen. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006).

** This disposition is not appropriate for publi-

We do not consider petitioners' arguments raised for the first time their reply brief. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) (per curiam) (declining to reach issue raised for the first time in the reply brief).

In their opening brief, petitioners fail to address, and therefore has waived any challenge to, the BIA order denying their motion to reconsider. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

No. 06–73454: PETITION FOR REVIEW in DISMISSED in part; DENIED in part.

No. 06–74690: PETITION FOR REVIEW DENIED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.